```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| KWAME KHARY HENRY, | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | NO. 09-0400 |
| LOUIS FOLINO, et al., | : | |
| Respondents | : | |

### ORDER

AND NOW, this       day of                , 2009, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, the Response thereto, and after review of the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin dated June 15, 2009, IT IS HEREBY ORDERED that:

    1.   the R&R is APPROVED and ADOPTED;

    2.   the Petition for Writ of Habeas Corpus is DENIED with prejudice and DISMISSED without an evidentiary hearing; and

    3.   there is no probable cause to issue a certificate of appealability.

```
                                    BY THE COURT:


                                    _____
                                    CYNTHIA M. RUFE, J.
```

```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                              :
KWAME KHARY HENRY,            :   CIVIL ACTION
                              :
          Petitioner          :
                              :
     v.                       :   NO. 09-0400
                              :
LOUIS FOLINO, et al.,         :
                              :
          Respondents         :
_____:
```

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a Petition for Writ of Habeas Corpus filed by the Petitioner, Kwame Khary Henry ("Petitioner"), pursuant to 28 U.S.C. section 2254.  Petitioner is currently incarcerated in the State Correctional Institution in Waynesburg, Pennsylvania.  For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

**I.   PROCEDURAL HISTORY.**[1]

On June 30, 1999, following a jury trial before the Honorable Robert E. Simpson, Jr. in the Court of Common Pleas of Northampton County, Petitioner was found guilty of murder in the first degree, kidnaping, aggravated assault, and conspiracy to commit murder with regard to the brutal killing of a thirteen-

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the attachments to those pleadings.

year-old girl in Northampton County.[2]  The jury imposed a life

---

[2]     The state courts set forth the following relevant facts:

> On August 10, 1996, the severely decomposed body of a thirteen-year-old female was found in a concrete and stone building on the grounds of Easton Cemetery in Northampton County.  The building is known as the "Dead House."  An autopsy revealed that the girl had died of homicidal violence, and an entomological evaluation of insects that had invaded the body showed that the girl died near the end of July, 1996.  Through dental records, it was determined that the deceased was thirteen year-old Richezza Williams, a runaway from New York.  Through interviews with the victim's friends, police learned details of her last day alive.
>
> During an evening in late July, 1996, Kathleen Sagusti was talking with the victim at her home in Easton when three men, [Petitioner], Stanley "Wildman" Obas, and Corey "Lemon" Maeweather, entered the home.  The three were members of a drug dealing organization known as the "Cash Money Brothers."  The men accused the victim of stealing money and drugs from them.  After hitting her repeatedly, they dragged her to the basement of the home.  Sagusti could hear the victim crying and pleading with the men to stop.
>
> [Petitioner] and Maeweather returned upstairs and collected various household items, including a corkscrew.  The two men returned to the basement.  Sagusti heard the victim sobbing the words "Oh God, no" repeatedly.
>
> After a short time, the men emerged from the basement with a large box.  The three men took the box in the direction of the Dead House, which was a short distance from Sagusti's house, and then disappeared.  A week later, the victim's body was found.  Sagusti came forward and informed the Easton Police Department about the incident in her home.
>
> Maeweather was arrested.  He pleaded guilty to criminal homicide, conspiracy to commit criminal homicide, kidnaping, and conspiracy to commit kidnaping.  After a bench degree of guilt hearing, Maeweather was found guilty of first degree murder, and he was sentenced to life imprisonment, to a concurrent term of twenty to forty years for conspiracy to commit murder, and to a consecutive term of ten to twenty years for kidnaping . . . .
>
> [Petitioner] fled the United States.  After several years, he was located in Trinidad. [Petitioner] was extradited to the United States and tried.  A jury found him guilty of first degree murder, aggravated

sentence on the first degree murder verdict and Judge Simpson imposed consecutive sentences of ten to twenty years on the kidnaping and conspiracy verdicts.

Petitioner filed a direct appeal from the judgment of sentence in the Superior Court of Pennsylvania.  On May 21, 2001, the Superior Court denied Petitioner's direct appeal and affirmed the judgment of sentence.  Commonwealth v. Henry, 778 A.2d 1243 (Pa. Super. 2001).  Petitioner did not timely file a petition for allowance of appeal to the Supreme Court of Pennsylvania.  Nonetheless, on July 5, 2001, Petitioner filed a motion with the Pennsylvania Supreme Court for allowance of appeal *nunc pro tunc*, which was denied on September 17, 2001.  Response, Ex. 1a.

On April 9, 2002, Petitioner filed a *pro se* petition for collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA") alleging ineffective assistance of trial counsel.  Counsel was appointed and filed a brief in support of the petition.  The trial court held an evidentiary hearing on October 15, 2002, and denied relief by order and opinion dated November 21, 2002.  Thereafter, Petitioner appealed to the Pennsylvania Superior Court.  The Superior Court determined that the issues contained in the PCRA petition were meritless, and affirmed the PCRA court's denial on December 19, 2003.

---

assault, kidnaping, and conspiracy to commit homicide. Response, Ex. 1 at 1-2.

Commonwealth v. Henry, 844 A.2d 1281 (Pa. Super. 1993)(table); Response, Ex. 3.  Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied July 22, 2004.  Commonwealth v. Henry, 856 A.2d 832 (Pa. 2004).

On December 4, 2003, Petitioner filed a second petition for collateral review pursuant to the PCRA.  An issue framing hearing was held on January 21, 2005, during which the PCRA court granted the Commonwealth's motion to dismiss the second PCRA petition as time barred and allowed counsel to withdraw. Response, Ex. 5 at 3.  On February 25, 2005, Petitioner *pro se* filed a motion for leave of court to amend his PCRA petition. Id.  Petitioner's motion for leave to amend was denied by the PCRA court on March 9, 2005 as untimely.  Id.  In so doing, the PCRA court explained that his motion for leave to amend did not contain any assertions of fact which, if proven, would have constituted a statutory exception to the jurisdictional time bar. Id.  Petitioner appealed to the Superior Court who affirmed the PCRA court's denial on November 3, 2005.  Response, Ex. 6. Petitioner did not seek further review.

Petitioner signed the instant habeas Petition on January 20, 2009, and it was docketed by the Clerk of Court on January 28, 2009.  Pursuant to the prison mailbox rule, this Court will consider the date of filing as January 20, 2009. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997)(motion is

4

deemed timely filed on date petitioner gave petition to prison officials to mail).

The case was assigned to the Honorable Cynthia M. Rufe, who referred it for preparation of a Report and Recommendation on February 6, 2009. On February 18, 2009, Judge Rufe appointed Peter A. Levin, Esquire to represent Petitioner. Following this appointment, the undersigned issued an Order permitting counsel for Petitioner to file an amended petition.[3] On March 24, 2009, Respondents filed a Response to the Petition for Writ of Habeas Corpus. Respondents contend that the Petition is time-barred, and that the case should be dismissed with prejudice and without an evidentiary hearing. On June 3, 2009, counsel for Petitioner advised this Court that, after reviewing the state court record, he did not intend to file an amended petition.

**II.     DISCUSSION.**

   **A.     The Federal Habeas Corpus Petition at Issue is Statutorily Time-Barred.**

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996. Pub.L. 104-132, 110 Stat. 1214. Section 104(2) of the AEDPA amended 42 U.S.C.

---

[3] More specifically, on April 2, 2009 the undersigned entered an Order permitting counsel for Petitioner to file an Amended Petition for Writ of Habeas Corpus and brief in support thereof on or before May 4, 2009. On May 1, 2009, by way of motion, counsel for Petitioner sought an extension of time in which to file an amended petition. By Order of the undersigned dated May 7, 2009, this Court granted counsel for Petitioner's motion and directed that any amended petition was to be filed on or before June 3, 2009.

section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[4]  However, if direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir.

---

[4]   28 U.S.C. section 2244 requires that:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

1998).  In this case, the applicable starting point to examine the limitation period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of sentence became final on June 20, 2001, when his time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired.[5]  See 28 U.S.C. § 2244(d)(1)(A); 42 Pa. C.S.A. § 9545(b)(3); Pa. R.A.P. 1113(a) (stating notice of appeal must be filed within 30 days of order sought to be appealed).  As a result, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on June 20, 2001.  Accordingly, Petitioner had until June 20, 2002 to timely file the instant Petition.  Petitioner executed his federal habeas corpus Petition on January 20, 2009.[6]  Because the Petition in this case was filed almost seven years after the limitation period expired, it is statutorily time-barred.

---

[5]     Although Petitioner filed a motion with the Pennsylvania Supreme Court for allowance of appeal *nunc pro tunc* on July 5, 2001, this motion was denied by the Pennsylvania Supreme Court on September 17, 2001.  Response, Ex. 1a.

[6]     As indicated above, we consider that date to be the date of filing in accordance with the prison mailbox rule.  Burns, 134 F.3d at 113.

**B.    The Federal Habeas Corpus Petition at Issue is Not Eligible for Statutory or Equitable Tolling.**

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling.  28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir.), <u>cert. denied</u>, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

      1.  <u>Statutory Tolling</u>

We note initially that Petitioner is not entitled to a new, extended deadline for the AEDPA's limitation period pursuant to 28 U.S.C. § 2244(d)(1).  Petitioner does not allege, nor is there evidence to demonstrate that state action prevented the timely filing of his habeas action.  28 U.S.C. § 2244(d)(1)(B).  Although Petitioner makes claims in his Petition relating to the failure to provide transcripts prior to the filing deadline, these claims of governmental interference are made within the context of his PCRA filings, not his federal habeas corpus filings.[7]  Second, the claims alleged in the Petition do not rely on a new rule of federal constitutional law of retroactive application.  28 U.S.C. § 2244(d)(1)(C).  Finally, Petitioner has not made a showing that the factual predicate of his claims was not discoverable through the exercise of due diligence long ago.

---

[7]    This claim of governmental interference is more fully addressed below in the equitable tolling section.

8

28 U.S.C. § 2244(d)(1)(D).

With respect to Petitioner's PCRA filings, we note that the limitation period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d)(2).  However, if a PCRA petition is untimely, it is not considered properly filed in order to toll the AEDPA one-year statutory time period.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Petitioner's first PCRA petition was filed on April 9, 2002, during the running of the one-year habeas clock.  Because 293 days of the one-year time period had elapsed, the clock was tolled with 72 days remaining before expiration.  On July 22, 2004, Petitioner's PCRA petition was no longer pending when the Pennsylvania Supreme Court denied his petition for allowance of appeal from the Superior Court's dismissal of his PCRA petition.  Commonwealth v. Henry, 856 A.2d 832 (Pa. 2004).  As a result, the one-year statutory period resumed on July 22, 2004, and expired 72 days later on October 2, 2004.

Petitioner's subsequent PCRA petition did not toll the statute of limitations because it was not timely filed.  Untimely PCRA petitions do not toll the one-year statute of limitations pursuant to AEDPA.  Pace, 544 U.S. at 417.  The present Petition was filed more than four years after the period of limitation

9

expired.  It is statutorily time-barred.

    2. <u>Equitable Tolling</u>

This Court must next examine whether the AEDPA statute of limitations should be equitably tolled to consider the Petition timely filed.  <u>Robinson v. Johnson</u>, 313 F.3d 128, 134 (3d Cir. 2002), <u>cert. denied</u>, 540 U.S. 826 (2003)(citing <u>Miller v. New Jersey State Dep't of Corr.</u>, 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted).  The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair.  <u>Satterfield v. Johnson,</u> 434 F.3d 185, 195 (3d Cir. 2006); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).

Courts must be sparing in their use of equitable tolling.  <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999).  In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."  <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted).  "The two general requirements for equitable tolling: (1) that 'the Petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'"  <u>Merritt v. Blaine</u>,

326 F.3d 157, 168 (3d Cir. 2003), citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).  Mere excusable neglect is not sufficient.  Miller, 145 F.3d at 618 (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

The Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001)(citing Jones, 195 F.3d at 159 (citations omitted)).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy, 240 F.3d at 244.  The habeas petitioner bears the burden of demonstrating both his entitlement to equitable tolling and his due diligence.  Pace, 544 U.S. at 418; Cooper v. Price, 82 Fed.Appx. 258, 260 (3d Cir. 2003); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001) (Van Antwerpen, J.).

In this case, we note at the outset, that Petitioner has failed to allege that some extraordinary circumstance prevented him from asserting his rights in a timely habeas corpus petition and has failed to demonstrate that he exercised reasonable diligence in investigating and bringing his claims. Merritt, 326 F.3d at 168. Petitioner filed his first federal habeas corpus petition approximately nine and a half years after he was convicted. Nonetheless, it appears, although it is not explicitly stated in his Petition, that Petitioner seeks the benefit of equitable tolling based on his alleged failure to obtain transcripts in conjunction with the filing of his second PCRA petition.

With respect to his alleged claim of governmental interference, Petitioner contends that he was denied transcripts, and that this denial ultimately prevented him from developing a factual or legal basis for claims he made in his second PCRA petition. See Petition, p. 9. Petitioner's allegation that he was denied transcripts, however, is unspecified and unaccompanied by any explanation or support.[8] As noted above, a habeas

---

[8] On PCRA review of his second petition, the court analyzed this claim as follows:

> . . . [Petitioner's] second petition for PCRA filed on December 3, 2004 was not timely pursuant to 42 Pa.C.S.A. § 9545(b)(1). At the conference on January 21, 2005, the District Attorney moved to dismiss the petition for lack of jurisdiction. [Petitioner] asserts an exception to the timeliness requirement by claiming that he was not provided with transcripts of his trial. [Petitioner] argues that the alleged

12

petitioner bears the burden of demonstrating his entitlement to equitable tolling.  Pace, 544 U.S. at 418.  Because Petitioner has failed to provide any support for this allegation, we conclude that it is not a proper basis to permit equitable tolling.[9]

Moreover, we note that in determining whether

---

> failure to provide him with transcripts of the trial is government interference with the presentation of his claims. [Petitioner] asserts that he could not have been aware of the existence of various issues because of the failure to provide him with the transcripts. [Petitioner] also asserts that the failure to provide him with transcripts is a constitutional violation.
>
> [Petitioner]'s attorney conceded there was no merit to [Petitioner]'s assertions.  The transcripts of the trial were filed in the Criminal Division Office of Northampton County on October 6, 1999.  There is no evidence that the [Petitioner]'s attorneys were denied access to the transcripts of the trial.  A criminal defendant has no constitutional right to a personal copy of the trial transcript. *Thomas v. Cannon*, 1994 WL 323080 (E.D.Pa. 1994), *citing Gay v. Watkins*, 579 F.Supp. 1019 (E.D.Pa. 1984). *See also Sullivan v. Sokolski*, 1994 WL 105526 (E.D.Pa. 1994).  This constitutional right is fulfilled by having a full set of accurate transcripts available to his lawyer. *Cannon*, *supra*.  Further there is no right to trial transcripts prior to filing the PCRA petition. *Com. V. Crider*, 735 A.2d 730 (Pa.Super. 1999).

Response, Ex. 5 at 2-3.  Petitioner appealed to the Pennsylvania Superior Court and they affirmed the PCRA court's denial of his second PCRA petition on November 3, 2005.  Response, Ex. 6.

[9]   See Bacon v. Carroll, No. 06-cv-519, 2007 WL 2727168, at *3 (D.Del. Sept. 17, 2007) (petitioner's "conclusory and unsupported statement regarding counsel's alleged failure to help him obtain the trial transcripts" insufficient to permit equitable tolling); Molina v. Hendricks, No. 04-cv-4191, 2006 WL 1286215, at *5 (D.N.J. May 5, 2006) (equitable tolling unavailable where petitioner "has asserted no more than a bare allegation" in support of demand therefore); Collingwood v. Snyder, No. 00-cv-783, 2002 WL 1446702, at *4 (D.Del. June 28, 2002) (no equitable tolling based on prisoner's claim that his "legal stuff" was stolen absent explanation why documents were needed to prepare applications for either state or federal habeas relief).

extraordinary circumstances exist to warrant the application of equitable tolling, this Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced.  Traub v. Folio, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004))(affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief).  It is Petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely.  Id.

Under the circumstances of this case, Petitioner did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in *this* Court.  Petitioner fails to allege any steps that he took to timely file the instant federal habeas petition.  None of the circumstances which warrant equitable tolling apply in this case to render the instant Petition timely.  Fahy, 240 F.3d at 244.  Accordingly, the Petition is statutorily time-barred.

**C.	Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1)

the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In this case, reasonable jurists could not disagree that the instant Petition is time-barred.  It is statutorily barred, and neither statutory nor equitable tolling apply to this Petition.

For all of the above reasons, I make the following:

**RECOMMENDATION**

AND NOW, this 15th day of June, 2009, IT IS RESPECTFULLY RECOMMENDED that the instant Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing.  There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Henry S. Perkin
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE