

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KWAME KHARY HENRY,  )
　　　　　　　　　　)
　　　Petitioner,　　)
　　　　　　　　　　)
　　v.　　　　　　　)　　CIVIL ACTION
　　　　　　　　　　)　　NO. 09-cv-0400
LOUIS FOLINO, et al.,　)
　　　　　　　　　　)
　　　Defendants.　　 )

FILED
AUG 05 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

**AND NOW**, this 5th day of August, 2009, upon consideration of the Petition for Writ of Habeas Corpus [Document No. 1], the Response thereto [Document No. 8], and after review of the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin [Document No. 12] to which no objection has been filed, and the Record herein, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated June 15, 2009, is **APPROVED AND ADOPTED**;[1]

---

[1] After reviewing the Record, the Court agrees with the R&R's finding that Petitioner's conviction became final on June 20, 2001. Thus, Petitioner had one year from this date to timely file his Petition for Habeas Corpus in this Court. 28 U.S.C. § 2244(d)(1)(A). He did not file the current Petition until January 20, 2009. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1987) (holding that a motion is deemed filed on the date it is give to prison officials to mail). Thus, the Petition is time-barred unless there is some grounds for either statutory or equitable tolling. See 28 U.S.C. § 2244(d); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (holding that AEDPA's limitation period is subject to equitable tolling).

The Court again agrees with the R&R that Petitioner's AEDPA limitation period should only be tolled for the time during which his first application for State post-conviction relief was pending. See 28 U.S.C. § 2244(d)(2). His second application was not properly filed and therefore did not toll the statute of limitations under AEDPA. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). On July 22, 2004, the Pennsylvania Supreme Court denied Petition's petition for allowance of appeal of the State court's dismissal of his application for post-conviction relief. There is no basis upon which Petitioner would be entitled to equitable tolling. Hence, in order for the instant Petition to be timely, Petitioner had to file it on or before October 2, 2004. As the instant Petition was filed on January 20, 2009 and there are no other grounds for barring the limitations period under AEDPA, the R&R is correct in finding the Petition time-barred and recommending that it be denied.

2. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing; and

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of Court is directed to **CLOSE** this action.

It is so **ORDERED**.

BY THE COURT:

**CYNTHIA M. RUFE, J.**

---

Finally, the Court also agrees with the R&R that there is no probable cause to issue a certificate of appealability. When a habeas petition is denied, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit and 28 U.S.C. § 2253(c) requires the district court to make a determination of whether a certificate of appealability should issue. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Petition was filed after the expiration of the AEDPA one-year period of limitations, even with the time limit being statutorily tolled. Reasonable jurists would not find this debatable.

As the Court agrees with the R&R of Magistrate Judge Perkin as to the proper disposition of the instant Petition, and considering that no objections to the same were filed, the Court will approve and adopt the R&R. The Court will also deny the Petition for Habeas Corpus with prejudice and dismiss it without an evidentiary hearing, and a certificate of appealability will not issue.